## In the Matter of the Estate of ABE BERNSTEIN, Deceased.

Surrogate's Court, New York County, April 24, 1928.

**Taxation — transfer tax — will devised residuary estate in trust for benefit of wife until oldest child should arrive at twenty-five years — when oldest child should arrive at twenty-five years, widow was to be paid one-half of principal of estate in case one child survived and one-third in case more than one survived — remainder was to be divided into equal parts for surviving child and upon each child attaining age of twenty-five years one-half was to be paid over and remaining half on attaining age of thirty-five years — in case of death of any child, his share was to go to his issue, or, in default of issue, to surviving child — in case of death of widow before distribution, her share reverted and became part of remainder — widow and two minor children survived — deposit must be made with State sufficient for payment of tax which may accrue upon each of transfers.**

Testator devised his residuary estate in trust for the benefit of his wife until his eldest child should arrive at the age of twenty-five years. The will then provided that when the eldest child should arrive at the age of twenty-five years one-half of the principal of the trust shall be paid to the wife in case one child survived, or one-third in case more than one survived. It was also provided that the trustee should pay to the eldest surviving child at the age of twenty-five years one-half of his or her proportionate share of the balance of the estate and the remaining one-half upon he or she attaining the age of thirty-five years, and that the same procedure should be followed as to the other surviving child, if any. In case any child should die before distribution, the will provided that his share should pass to his issue, if any, and if not, should revert to the surviving children. The will provided that in the event of the death of the testator's wife before distribution, her share should revert and become part of the remainder of the estate to be divided into equal portions and held for each child surviving. The widow and two minor children survived the testator.

From the provisions of the will it is clear that upon the death of the widow before the decedent's eldest child is twenty-five years of age, surviving temporary life estates until age of thirty-five years, diminished by one-half of the fund as each beneficiary attains the age of twenty-five years, may come into existence for the two children respectively. This contingency must be anticipated, under the Tax Law, and a deposit must be made with the State sufficient for the payment of the tax which may accrue upon each of these transfers.

It is unnecessary to determine the validity of the provision in reference to the death of one of the children before distribution. Likewise it may never become necessary to determine the validity of the provision for an accumulation of the income beyond the minority of the eldest child.

APPEAL by State Tax Commission from report of transfer tax appraiser and order entered thereon.

*Diamond, Abrahams & Strauss*, for the executrix.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S.    This is an appeal by the State Tax Commission from the report of the transfer tax appraiser and the order entered thereon upon the following grounds: (1) That a surviving temporary life estate, until age thirty-five, in one-half the residuary estate may come into existence for Elliot Bernstein and that a surviving temporary life estate, until age thirty-five, in one-half the residuary estate may come into existence for Howard Bertram Bernstein, the fund in each case to be diminished by one-half upon each beneficiary attaining the age of twenty-five years; (2) that the entire residuary estate may vest in the younger of those beneficiaries; (3) that the taxing order should assess against the executrix for the benefit of a person in the one per cent class, who may be Elliot Bernstein, a tax on the valuation of a surviving temporary life estate until age thirty-five, diminished by one-half at age twenty-five years, in one-half the residuary estate, and a tax against the executrix for the benefit of a person in the one per cent class, who may be Howard Bertram Bernstein, on the valuation of a surviving temporary life estate until age thirty-five years, diminished by one-half at age. twenty-five years, in one-half the residuary estate; (4) that there should be taxed to the executrix for the benefit of a person in the one per cent class, who may be Howard Bertram Bernstein, the full undiminished value of the residuary estate.    The decedent died on January 27, 1927.    By the 3d paragraph of his will he bequeathed his residuary estate to his executrix and trustee to pay the income therefrom to Rose S. Bernstein, his wife, until his eldest child should arrive at the age of twenty-five years.    The testator by the 3d paragraph of his will further provided:

" b)  When my eldest surviving child arrives at the age of twenty-five, I direct my executrix and trustee to pay to herself, my beloved wife, ROSE S. BERNSTEIN, one-half of the corpus of the estate, in the event that there is only one child me surviving, or one-third of the corpus of the estate in the event that there is more than one child me surviving, and the remainder of my estate shall be divided into equal portions and one of such portions held for each child me surviving as hereinafter provided for.

" c)  I further direct my executrix and trustee to pay to my eldest surviving child at arriving at the age of twenty-five, one-half of his or her proportionate share of the balance of my estate and the remaining one-half at said child's arriving at the age of thirty-five, and I do further direct that upon each of my children thereafter arriving at the age of twenty-five, one-half of their share be paid to such child and the remaining half upon the said child arriving at the age of thirty-five  *  *  *.

" d)  In the event of the death of any of my children before the

distribution of my estate as hereinbefore provided for, without issue, the share of trust in the one so dying shall revert to the survivors. If however, the child so dying shall leave issue, such issue shall take the share of the parent.

" e) In the event of the death of my beloved wife before the distribution of my estate, her share of the corpus of my estate shall revert to and become part of the remainder of my estate and shall be divided into equal portions and held for each child me surviving and shall be distributed as provided in subdivision c and d hereof. Upon her death, the income of my estate shall be accumulated and held by the executors and trustees succeeding her as hereinafter provided, in trust nevertheless, for the support and maintenance of any minor child or children who shall survive me. At the termination of the minority of my youngest surviving child, the income of my estate so accumulated, shall be divided equally among the children surviving me at my death; the issue of any deceased child taking the share of the parent."

The testator left him surviving his widow and two children, Elliot Bernstein, age three years, and Howard Bertram Bernstein, age one year. No question arises as to the taxation of the widow's interest. The first and third grounds of appeal are sustained. From the foregoing provisions of the decedent's will, it is clear that upon the death of the widow, before the decedent's eldest child is twenty-five years of age, surviving temporary life estates until age thirty-five years, diminished by one-half of the fund as each beneficiary attains the age of twenty-five years, may come into existence for Elliot Bernstein and Howard Bertram Bernstein, respectively. This contingency must be anticipated and, pursuant to the statute, a deposit must be made, with the State, sufficient for the payment of the tax which may accrue upon each of these transfers. The appeal on the second and fourth grounds is sustained. It is unnecessary at this time to determine the validity of the provision, contained in subdivision d of the 3d paragraph of the will, for the distribution of the share of a child dying before the testator's estate is distributed. (*Matter of Mount*, 185 N. Y. 162, 170.) Likewise it may never become necessary to determine the validity of the provision for an accumulation of the income beyond the minority of the eldest child. In order to assure to the State the collection of the greatest possible tax that may accrue upon the remainder interests, however, we must assume that the entire residuary estate may vest in Howard Bertram Bernstein, the younger of the decedent's two children. Submit order on notice in accordance with this decision.